**LAW OFFICES OF RONALD A. MARRON, APLC**
RONALD A. MARRON (SBN 175650)
*ron@consumersadvocates.com*
SKYE RESENDES (SBN 278511)
*skye@consumersadvocates.com*
ALEXIS WOOD (SBN 270200)
*alexis@consumersadvocates.com*
651 Arroyo Drive
San Diego, California 92103
Telephone: (619) 696-9006
Facsimile: (619) 564-6665

*Attorneys for Plaintiff and the Proposed Class*

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| KERRY O'SHEA, on behalf of himself, and all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>ALLIANCE SECURITY, LLC., a Delaware limited liability company,<br><br>MONITRONICS INTERNATIONAL, INC., a Texas corporation,<br><br>Defendants. | Case No.: SACV13-1054 JVS(JPRx)<br><br>CLASS ACTION<br><br>**COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF PURSUANT TO THE TELEPHONE CONSUMER PROTECTION ACT, 47 U.S.C. §§ 227 *et seq.***<br><br>DEMAND FOR JURY TRIAL<br><br>By Fax |

## INTRODUCTION

1. Kerry O'Shea ("Plaintiff") brings this Class Action Complaint for damages, injunctive relief, and any other available legal or equitable remedies, resulting from the illegal actions of Alliance Security, LLC and Monitronics International, Inc. ("Defendants"), in negligently, and/or willfully contacting Plaintiff through telephone calls on Plaintiff's cellular telephone, in violation of the Telephone Consumer Protection Act, 47 U.S.C. §§ 227 *et seq.*, ("TCPA"), thereby invading Plaintiff's privacy. Plaintiff alleges as follows upon personal knowledge as to his own acts and experiences, and, as to all other matters, upon information and belief, including investigation conducted by his attorneys.

## JURISDICTION AND VENUE

2. Jurisdiction is proper under 28 U.S.C. § 1332(d)(2) because Plaintiff seeks up to $1,500 in damages for each call in violation of the TCPA, which, when aggregated among a proposed class number in the tens of thousands, exceeds the $5,000,000 threshold for federal court jurisdiction. Further, Plaintiff alleges a national class, which will result in at least one class member belonging to different states than that of the Defendants, providing jurisdiction under 28 U.S.C. Section 1332(d)(2)(A). Therefore, both elements of diversity jurisdiction under the Class Action Fairness Act of 2005 ("CAFA") are present, and this Court has jurisdiction.

3. This Court has federal question subject matter jurisdiction under 28 U.S.C. § 1331, as the action arises under the TCPA, a federal statute.

4. Venue is proper in the United States District Court for the Central District of California pursuant to 28 U.S.C. § 1391(b) and 1441(a) because (i) a substantial part of the events giving rise to Plaintiff's claim occurred in this judicial district and (ii) Defendants, at all times herein mentioned, were doing business in the County of Orange, State of California.

/ / /

# PARTIES

5. Plaintiff Kerry O'Shea is, and at all times mentioned herein was, a resident of the State of California. He is, and at all times mentioned herein was a "person" as defined by 47 U.S.C. § 153 (32).

6. Defendant Alliance Security, LLC (hereinafter "Alliance") is a Delaware limited liability company that maintains its principal place of business at 2720 N. Stemmons Freeway, Suite. 300, Dallas, Texas 75207-2237.

7. Defendant Monitronics International, Inc. (hereinafter "Monitronics") is a Texas corporation whose headquarters are located at 2350 Valley View Lane, Suite 100, Dallas, Texas 75234-5736. Monitronics is registered to do business in the state of California, entity number 200703000003.

8. Monitronics offers home security monitoring products and services. Alliance is an authorized dealer of Monitronics and installs home security systems on behalf of Monitronics. On information and belief, Monitronics actively directed Alliance to conduct a telemarketing campaign for the purpose of selling Monitronics' products and services. At all times mentioned herein, Alliance was acting under the actual or apparent authority of Monitronics.

9. Plaintiff alleges that at all times relevant herein Defendants conducted business in the state of California and in the County of Orange, and within this judicial district by offering home security products and services to California residents through a telemarketing campaign.

///
///
///
///
///
///
///

# THE TELEPHONE CONSUMER PROTECTION ACT OF 1991
## (TCPA), 47 U.S.C. §§ 227 *et seq.*

10. In 1991, Congress enacted the Telephone Consumer Protection Act, 47 U.S.C. § 227 (TCPA),[1] in response to a growing number of consumer complaints regarding certain telemarketing practices.

11. The TCPA regulates, among other things, the use of automated telephone equipment, or "autodialers." Specifically, the plain language of section 227(b)(1)(A)(iii) prohibits the use of autodialers to make any call to a wireless number in the absence of an emergency or the prior express consent of the called party.[2]

12. According to findings by the Federal Communication Commission ("FCC"), the agency Congress vested with authority to issue regulations implementing the TCPA, such calls are prohibited because, as Congress found, automated or prerecorded telephone calls are a greater nuisance and invasion of privacy than live solicitation calls, and such calls can be costly and inconvenient. The FCC also recognized that wireless customers are charged for incoming calls whether they pay in advance or after the minutes are used.[3]

## FACTUAL ALLEGATIONS

13. Commencing approximately January of 2013, through the present, Plaintiff O'Shea received a number of unsolicited phone calls to his wireless phone, for which Plaintiff provided no consent to call. These calls were received

---

[1] Telephone Consumer Protection Act of 1991, Pub. L. No. 102-243, 105 Stat. 2394 (1991), codified at 47 U.S.C. § 227 (TCPA). The TCPA amended Title II of the Communications Act of 1934, 47 U.S.C. §§ 201 *et seq.*

[2] 47 U.S.C. § 227(b)(1)(A)(iii).

[3] *Rules and Regulations Implementing the Telephone Consumer Protection Act of 1991*, CG Docket No. 02-278, Report and Order, 18 FCC Rcd 14014 (2003).

approximately three times every week and on some occasions twice in a single day.

14. These calls would begin with an automated voice asking Plaintiff if he was interested in placing a free GE Home Security sign in his yard, and then would proceed by offering Defendants' home security products and services.

15. During the phone calls, Plaintiff would be instructed that he could press a digit to opt out from the call list. He has done so on numerous occasions with no success. In addition, Plaintiff has followed the automated voice instructions until he reached a live operator. He would then tell the operator that he was registered on the "do not call list" and wished to not be contacted anymore. This was also of no success.

16. More than one of the unsolicited phone calls Plaintiff received originated from the telephone number (214) 452-0007, a number owned by Defendants or one of their associated telemarketing agencies acting under Defendants' actual or apparent authority.

17. These unsolicited phone calls placed to Plaintiff's wireless telephone were placed via an "automatic telephone dialing system," ("ATDS") as defined by 47 U.S.C. § 227 (a)(1) and by using "an artificial or prerecorded voice" system as prohibited by 47 U.S.C. § 227 (b)(1)(A), which had the capacity to produce or store numbers randomly or sequentially, and to dial such numbers, to place telephone calls to Plaintiff's cellular telephone.

18. The telephone number that Defendants, or their agents, called was assigned to a cellular telephone service for which Plaintiff incurred a charge for incoming calls pursuant to 47 U.S.C. § 227 (b)(1).

19. These telephone calls constitute calls that were not for emergency purposes as defined by 47 U.S.C. § 227(b)(1)(A)(i).

20. Plaintiff did not provide Defendants or their agents prior express consent to receive unsolicited phone calls pursuant to 47 U.S.C. § 227 (b)(1)(A).

21. These telephone calls by Defendants or their agents therefore violated 47 U.S.C. § 227(b)(1).

22. Under the TCPA and pursuant to the FCC's January 2008 Declaratory Ruling, the burden is on Defendants to demonstrate that Plaintiff provided express consent within the meaning of the statute.

## CLASS ACTION ALLEGATIONS

23. Plaintiff brings this action on behalf of himself and on behalf of and all others similarly situated ("the Class").

24. Plaintiff represents, and is a member of the Class, consisting of all persons within the United States who received any unsolicited telephone calls from Defendants or their agents on their paging service, cellular phone service, mobile radio service, radio common carrier service, or other service for which they were charged for the call, through the use of any automatic telephone dialing system or artificial or pre-recorded voice system as set forth in 47 U.S.C. § 227(b)(1)(A)(3) or artificial or prerecorded voice, which telephone calls by Defendants or their agents were not made for emergency purposes or with the recipients' prior express consent, within four years prior to the filing of this Complaint.

25. Defendants and their employees or agents are excluded from the Class. Plaintiff does not know the number of members in the Class, but believes the Class members number in the hundreds of thousands, if not more. Thus, this matter should be certified as a Class action to assist in the expeditious litigation of this matter.

26. Plaintiff and members of the Class were harmed by the acts of Defendants in at least the following ways: Defendants, either directly or through their agents, illegally contacted Plaintiff and the Class members via their cellular

telephones by using unsolicited telephone calls, thereby causing Plaintiff and the Class members to incur certain cellular telephone charges or reduce cellular telephone time for which Plaintiff and the Class members previously paid, and invading the privacy of said Plaintiff and the Class members. Plaintiff and the Class members were damaged thereby.

27. This suit seeks only damages and injunctive relief for recovery of economic injury on behalf of the Class and it expressly is not intended to request any recovery for personal injury and claims related thereto. Plaintiff reserves the right to expand the Class definition to seek recovery on behalf of additional persons as warranted as facts are learned in further investigation and discovery.

28. The joinder of the Class members is impractical and the disposition of their claims in the Class action will provide substantial benefits both to the parties and to the Court. The Class can be identified through Defendants' records or Defendants' agents' records.

29. There is a well-defined community of interest in the questions of law and fact involved affecting the parties to be represented. The questions of law and fact to the Class predominate over questions which may affect individual Class members, including the following:

   a. Whether, within the four years prior to the filing of this Complaint, Defendants or their agents placed telephone calls without the recipients' prior express consent (other than a telephone call made for emergency purposes or made with the prior express consent of the called party) to a Class member using any automatic telephone dialing system or an artificial or pre-recorded voice system, to any telephone number assigned to a cellular telephone service;
   b. Whether Plaintiff and the Class members were damaged thereby, and the extent of damages for such violation; and

      c. Whether Defendants and their agents should be enjoined from engaging in such conduct in the future.

30. As a person that received at least one unsolicited telephone call to his cell phone without Plaintiff's prior express contest, Plaintiff is asserting claims that are typical of the Class. Plaintiff will fairly and adequately represent and protect the interests of the Class in that Plaintiff has no interest antagonistic to any member of the Class.

31. Plaintiff and the members of the Class have all suffered irreparable harm as a result of the Defendants' unlawful and wrongful conduct. Absent a class action, the Class will continue to face the potential for irreparable harm. In addition, these violations of law will be allowed to proceed without remedy and Defendants will likely continue such illegal conduct. Because of the size of the individual Class member's claims, few, if any, Class members could afford to individually seek legal redress for the wrongs complained of herein.

32. Plaintiff has retained counsel experienced in handling class action claims and claims involving violations of the Telephone Consumer Protection Act.

33. A class action is a superior method for the fair and efficient adjudication of this controversy. Class-wide damages are essential to induce Defendants to comply with federal law. The interest of Class members in individually controlling the prosecution of separate claims against Defendants is small because the maximum statutory damages in an individual action for violation of privacy are minimal. Management of these claims is likely to present significantly fewer difficulties than those presented in many class claims.

34. Defendants have acted on grounds generally applicable to the Class, thereby making appropriate final injunctive relief and corresponding declaratory relief with respect to the Class as a whole.

## FIRST CAUSE OF ACTION

## NEGLIGENT VIOLATIONS OF THE TELEPHONE CONSUMER PROTECTION ACT

## 47 U.S.C. §§ 227 *ET SEQ.*

35. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

36. Each such telephone class was made using equipment that, upon information and belief, had the capacity to store or produce telephone numbers to be called, using a random or sequential number generator, and to dial such numbers. By using such equipment, Defendants were able to effectively make thousands of phone calls simultaneously to lists of thousands of wireless phone numbers of consumers without human intervention. These telephone calls were made without the prior express consent of the Plaintiff and other members of the Class to receive such telephone calls.

37. The foregoing acts and omissions of Defendants and their agents constitute numerous and multiple negligent violations of the TCPA, including but not limited to each and every one of the above-cited provisions of 47 U.S.C. § 227 *et seq.*

38. As a result of Defendants', and Defendants' agents', negligent violations of 47 U.S.C. § 227 *et seq.*, Plaintiff and the Class are entitled to an award of $500.00 in statutory damages, for each and every violation, pursuant to 47 U.S.C. § 227(b)(3)(B).

39. Plaintiff and the Class are also entitled to and seek injunctive relief prohibiting such conduct in the future.

## SECOND CAUSE OF ACTION
## KNOWING AND/OR WILLFUL VIOLATIONS OF THE
## TELEPHONE CONSUMER PROTECTION ACT
## 47 U.S.C. §§ 227 *ET SEQ.*

40. Plaintiff incorporates by reference the above paragraphs 1 through 34 inclusive, of this Complaint as though fully stated herein.

41. Each such telephone class was made using equipment that, upon information and belief, had the capacity to store or produce telephone numbers to be called, using a random or sequential number generator, and to dial such numbers. By using such equipment, Defendants were able to effectively make thousands of phone calls simultaneously to lists of thousands of wireless phone numbers of consumers without human intervention. These telephone calls were made without the prior express consent of the Plaintiff and other members of the Class to receive such telephone calls.

42. The foregoing acts and omissions of Defendants constitute numerous and multiple knowing and/or willful violations of the TCPA, including but not limited to each and every one of the above-cited provisions of 47 U.S.C. §§ 227 *et seq.*

43. As a result of Defendants' knowing and/or willful violations of 47 U.S.C. § 227 *et seq.*, Plaintiff and the Class are entitled to treble damages, as provided by statute, up to $1,500.00, for each and every violation, pursuant to 47 U.S.C. § 227(b)(3)(B) and 47 U.S.C. § 227(b)(3)(C).

44. Plaintiff and the Class are also entitled to and seek injunctive relief prohibiting such conduct in the future.

## PRAYER FOR RELIEF

**Wherefore**, Plaintiff respectfully requests the Court to grant Plaintiff and the Class members the following relief against Defendant:

## FIRST CAUSE OF ACTION FOR NEGLIGENT VIOLATION OF THE TCPA, 47 U.S.C. §§ 227 ET SEQ.

45. As a result of Defendants', and Defendants' agents', negligent violations of 47 U.S.C. § 227(b)(1), Plaintiff seeks for himself and each Class member $500.00 in statutory damages, for each and every violation, pursuant to 47 U.S.C. § 227(b)(3)(B).

46. Pursuant to 47 U.S.C. § 227(b)(3)(A), Plaintiff seeks injunctive relief prohibiting such conduct in the future.

47. Any other relief the Court may deem just and proper.

## SECOND CAUSE OF ACTION FOR KNOWING AND/OR WILLFUL VIOLATION OF THE TCPA, 47 U.S.C. §§ 227 ET SEQ.

48. As a result of Defendants', and Defendants' agents', willful and/or knowing violations of 47 U.S.C. § 227(b)(1), Plaintiff seeks for himself and each Class member treble damages, as provided by statute, up to $1,500.00 for each and every violation, pursuant to 47 U.S.C. § 227(b)(3)(B) and 47 U.S.C. § 227(b)(3)(C).

49. Pursuant to 47 U.S.C. § 227(b)(3)(A), injunctive relief prohibiting such conduct in the future.

50. Any other relief the Court may deem just and proper.

## JURY DEMAND

Plaintiff hereby demands a trial by jury on all issues so triable.

Dated: July 15, 2013  /s/ Ronald A. Marron      By Fax
By: Ronald A. Marron
**LAW OFFICES OF RONALD A. MARRON, APLC**
RONALD A. MARRON
SKYE RESENDES
ALEXIS WOOD

651 Arroyo Drive
San Diego, California 92103
Telephone: (619) 696-9006
Facsimile: (619) 564-6665